UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHARLES BAKER, Individually and for Others Similarly Situated<br><br>v.<br><br>GRIDHAWK LLC | Case No. _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Rule 23 Class Action |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Charles Baker (Baker) brings this class and collective action to recover unpaid wages and other damages from Gridhawk LLC (Gridhawk).

2. Gridhawk employed Baker as one of its Hourly Employees (defined below) in Kentucky.

3. Gridhawk pays Baker and the other Hourly Employees by the hour.

4. Baker and the other Hourly Employees regularly work more than 40 hours a workweek.

5. But Gridhawk does not pay Baker and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 a workweek.

6. Instead, Gridhawk pays Baker and the other Hourly Employees non-discretionary bonuses that Gridhawk fails to include in these employees' regular rates of pay for the purpose of calculating their overtime rates (Gridhawk's "bonus pay scheme").

7. Gridhawk's bonus pay scheme violates the Fair Labor Standards Act (FLSA) and Kentucky Wage and Hour Act (KWHA) by failing to compensate Baker and the other Hourly

Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 each workweek.

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. This Court also has supplemental jurisdiction of the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

10. This Court has general personal jurisdiction over Gridhawk because it maintains its principal place of business in Indiana.

11. Venue is proper because Gridhawk maintains its principal place of business in Crown Point, Indiana, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

12. Gridhawk employed Baker as a lead damage technician from approximately November 2022 until December 2024.

13. Throughout his employment, Gridhawk paid Baker under its bonus pay scheme.

14. Baker's written consent is attached as **Exhibit 1**.

15. Baker brings this class and collective action on behalf of himself, and other Gridhawk employees paid under its bonus pay scheme.

16. The putative FLSA collective of similarly situated employees is defined as:

> **All hourly Gridhawk employees who were paid a bonus which was not included in the regular rate of pay for overtime purposes during the last three years through final resolution of this action (the "FLSA Collective Members").**

17. The putative Kentucky class of similarly situated employees is defined as:

> **All hourly Gridhawk employees who worked in Kentucky and who were paid a bonus which was not included in the regular**

    **rate of pay for overtime purposes during the last 3 years through final resolution of this action (the "Kentucky Class Members").**

18. The FLSA Collective Members and the Kentucky Class Members are collectively referred to as the "Hourly Employees."

19. Gridhawk is a Texas limited liability company headquartered in Crown Point, Indiana.

20. Gridhawk may be served with process through its registered agent**: Registered Agent Solutions, Inc., 6018 N. Keystone Ave., Indianapolis, Indiana 46220.**

## FLSA COVERAGE

21. At all relevant times, Gridhawk was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

22. At all relevant times, Gridhawk was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

23. At all relevant times, Gridhawk was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, and personal protective equipment—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

24. At all relevant times, Gridhawk had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

25. At all relevant times, Baker and the other Hourly Employees were Gridhawk's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

26. At all relevant times, Baker and the other Hourly Employees were engaged in commerce or in the production of goods for commerce.

## FACTS

27. Gridhawk's "mission is to keep communities safe by preventing damage to underground infrastructure" and it touts that "[w]hatever type of underground asset you are trying to protect, [it] is your best bet for swift, accurate, and complete handling of your utility locating and damage prevention needs."[1]

28. To meet its business objectives, Gridhawk employs workers, including Baker and the other Hourly Employees.

29. For example, Gridhawk employed Baker as a lead damage technician in and around Louisville, Kentucky from approximately November 2022 to December 2024.

30. As a lead damage technician, Baker's primary job duties included locating and marking underground utilities, including water lines, gas lines, and fiber optic cables, as well as providing training to other employees to properly locate and mark underground utilities.

31. Throughout his employment, Baker regularly worked more than 40 hours a workweek.

32. Indeed, Baker typically worked approximately 10 to 12 hours a day for 5 to 6 days a week (50 to 72 hours a workweek).

33. And Gridhawk paid Baker approximately $25.75 an hour.

34. Likewise, the other Hourly Employees typically worked approximately 10 to 12 hours a day for 5 to 6 days a week (50 to 72 hours a workweek).

35. And Baker and the other Hourly Employees are required to report their "on the clock" hours worked via Gridhawk's timekeeping system.

---

[1] https://www.gridhawk.com/ (last visited March 10, 2025).

36. At the end of each pay period, Baker and the other Hourly Employees receive wages from Gridhawk that are determined by common systems and methods that Gridhawk selects and controls.

37. But Gridhawk does not pay Baker and the other Hourly Employees at the required overtime rate for all hours worked, in excess of 40 a workweek.

38. Instead, Gridhawk pays Baker and the other Hourly Employees under its bonus pay scheme.

39. Specifically, Gridhawk pays Baker and the other Hourly Employees non-discretionary bonuses pursuant to preceding agreements, including referral and retention bonuses, that it fails to include in these employees' regular rates of pay for the purpose of calculating their overtime rates of pay.

40. For example, during the pay period ending December 16, 2023, Gridhawk paid Baker a Referral Bonus of $700 and a Retention bonus of $400, which it did not include in Baker's regular rate of pay for overtime purposes:

| EARNINGS | RATE | HOURS | CURRENT | YTD |
|---|---|---|---|---|
| Base Pay | $25.75 | 80.00 | $2,060.00 | $50,493.22 |
| Overtime(1.5x Base) | $38.63 | 18.44 | $712.28 | $23,913.45 |
| Holiday Hours | $25.75 | 0.00 | $0.00 | $806.00 |
| PTO Hours | $25.75 | 2.00 | $51.50 | $1,501.50 |
| Bonus | - | - | $0.00 | $400.00 |
| Diversity Holiday Pay | $25.75 | 0.00 | $0.00 | $200.00 |
| Referral Incentive | - | - | $700.00 | $1,600.00 |
| Retention Bonus | - | - | $400.00 | $1,000.00 |

41. Thus, under its bonus pay scheme, Gridhawk does not pay Baker and the other Hourly Employees overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 a workweek.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

42. Baker brings his claims as a class action under Kentucky law pursuant to FED. R. CIV. P. 23 and a collective action under Section 216(b) of the FLSA on behalf of himself and the other Hourly Employees.

43. Like Baker, the other Hourly Employees are victimized by Gridhawk's bonus pay scheme.

44. Other Hourly Employees worked with Baker and indicated they were paid in the same manner under Gridhawk's bonus pay scheme.

45. Based on his experience with Gridhawk, Baker is aware Gridhawk's bonus pay scheme was imposed on other Hourly Employees.

46. The Hourly Employees are similarly situated in the most relevant respects.

47. Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked.

48. Therefore, the specific job titles or locations of the Hourly Employees do not prevent class or collective treatment.

49. Rather, Gridhawk's bonus pay scheme renders Baker, and the other Hourly Employees similarly situated for the purpose of determining their right to overtime wages at the required rate for all overtime hours worked.

50. Gridhawk's records reflect the number of hours the Hourly Employees recorded working "on the clock" each week.

51. Gridhawk's records also show it paid the Hourly Employees non-discretionary bonuses it failed to include in their regular rates of pay for the purpose of calculating their overtime rates of pay.

52. The back wages owed to Baker and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

53. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Gridhawk's records, and there is no detraction from the common nucleus of liability facts.

54. Therefore, the issue of damages does not preclude class or collective treatment.

55. Baker's experiences are therefore typical of the experiences of the other Hourly Employees.

56. Baker has no interests contrary to, or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

57. Like each Hourly Employee, Baker has an interest in obtaining the unpaid wages owed under Kentucky and federal law.

58. Baker and his counsel will fairly and adequately protect the interests of the Hourly Employees.

59. Baker retained counsel with significant experience in handling complex class and collective action litigation.

60. Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and Gridhawk will reap the unjust benefits of violating the FLSA and KWHA.

61. Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

62. Indeed, the multiplicity of actions would create a hardship to the Hourly Employees, the Court, and Gridhawk.

63. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

64. The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

65. Among the common questions of law and fact are:

   a. Whether Gridhawk paid the Hourly Employees non-discretionary bonuses;

   b. Whether Gridhawk failed to include non-discretionary bonuses in calculating the Hourly Employees' regular rates of pay;

   c. Whether Gridhawk failed to pay the Hourly Employees overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked;

   d. Whether Gridhawk's decision not to pay the Hourly Employees overtime wages at the required rate—based on all remuneration—for all overtime hours worked was made in good faith; and

   e. Whether Gridhawk's violations were willful?

66. As part of its regular business practices, Gridhawk intentionally, willfully, and repeatedly violated the FLSA and KWHA with respect to Baker and the other Hourly Employees.

67. Gridhawk's bonus pay scheme deprived Baker and the other Hourly Employees of overtime wages at the required premium rate—based on all remuneration—they are owed under federal and Kentucky law.

68. There are many similarly situated Hourly Employees who have been denied overtime pay at the required rate—based on all remuneration—in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

69. The Hourly Employees are known to Gridhawk, are readily identifiable, and can be located through Gridhawk's business and personnel records.

### GRIDHAWK'S VIOLATIONS WERE WILLFUL

70. Gridhawk knew it employed Baker and the other Hourly Employees.

71. Gridhawk knew it was subject to the KWHA's and FLSA's overtime provisions.

72. Gridhawk knew the KWHA and FLSA required it to pay non-exempt employees, including Baker and the other Hourly Employees, overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked after 40 a workweek.

73. Gridhawk knew Baker and each Hourly Employee worked more than 40 hours in at least one workweek during the last 3 years because these employees were required to report their "on the clock" hours worked to Gridhawk via its timekeeping system.

74. Gridhawk knew Baker and the other Hourly Employees were non-exempt employees entitled to overtime pay.

75. Gridhawk knew it paid Baker and the other Hourly Employees non-discretionary bonuses.

76. Gridhawk knew these non-discretionary bonuses were not included in Baker's and the other Hourly Employees' regular rates of pay for overtime purposes.

77. And Gridhawk knew the KWHA and FLSA required it to pay Baker and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

78. Gridhawk's failure to pay Baker and the other Hourly Employees overtime at the required rate—based on all remuneration—for all overtime hours worked was neither reasonable, nor was this decision made in good faith.

79. Gridhawk knew its conduct violated the FLSA and KWHA.

80. Gridhawk knowingly, willfully, and/or in reckless disregard of the FLSA carried out its unlawful bonus pay scheme that deprived Baker and the other Hourly Employees of overtime wages at the required rate of pay—based on all remuneration—for all hours worked after 40 a workweek, in violation of the FLSA and KWHA.

## COUNT I
### FAILURE TO PAY OVERTIME UNDER THE FLSA
### (FLSA COLLECTIVE)

81. Baker brings his FLSA claim as a collective action on behalf of himself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

82. Gridhawk violated, and is violating, the FLSA by employing non-exempt employees such as Baker and the other FLSA Collective Members in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for the hours they worked in excess of 40 a workweek.

83. Gridhawk's unlawful conduct harmed Baker and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

84. Accordingly, Gridhawk owes Baker and the other Hourly Employees the difference between the wages actually paid and the overtime wages actually earned.

85. Because Gridhawk knew or showed reckless disregard for whether this bonus pay scheme violated the FLSA, Gridhawk owes Baker and the other FLSA Collective Members these wages for at least the past 3 years.

86. Gridhawk is also liable to Baker and the other FLSA Collective Members for an amount equal to all their unpaid overtime wages as liquidated damages.

87. Finally, Baker and the other FLSA Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## COUNT II
### FAILURE TO PAY OVERTIME WAGES UNDER THE KWHA
### (KENTUCKY CLASS)

88. Baker brings his KWHA claim on behalf of himself and the other Kentucky Hourly Workers pursuant to Fed. R. Civ. P. 23.

89. Gridhawk's conduct violates the KWHA. K.R.S. § 337.010, *et seq.*

90. At all relevant times, Gridhawk was subject to the KWHA because Gridhawk was (and is) an "employer" within the meaning of the KWHA. K.R.S. § 337.010(1)(d).

91. At all relevant times, Gridhawk employed Baker and the other Kentucky Class Members as its covered "employees" within the meaning of the KWHA. K.R.S. § 337.010(1)(e).

92. The KWHA requires employers, like Gridhawk, to pay non-exempt employees, like Baker and the other Kentucky Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for all hours worked over 40 in a workweek. K.R.S. § 337.385.

93. Baker and the other Kentucky Class Members are entitled to overtime wages under the KWHA.

94. And the KWHA requires employers, like Gridhawk, to provide employees, like Baker and the other Kentucky Class Members, with meal and rest periods. K.R.S. §§ 337.355 and 337.365.

95. But Gridhawk did not provide or make available meal or rest periods to Baker and the other Kentucky Class Members.

96. Gridhawk violated, and is violating, the KWHA by employing non-exempt employees, Baker and the other Kentucky Class Members, for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for all hours worked after 40 in a workweek. *See* K.R.S. § 337.385.

97. Gridhawk's unlawful conduct harmed Baker and the other Kentucky Class Members by depriving them of the overtime wages they are owed.

98. In violating the KWHA, Gridhawk acted without a good faith basis and without reasonable grounds for believing its acts and omissions were not violative of clearly applicable Kentucky law.

99. Accordingly, Gridhawk owes Baker and the other Kentucky Class Members the difference between the overtime wages actually paid and the required overtime wages actually earned for at least the last three years. *See* K.R.S. § 337.385(1).

100. Gridhawk is also liable to Baker and the other Kentucky Class Members for an additional amount equal to all unpaid wages as liquidated damages. *See* K.R.S. § 337.385(1).

101. Finally, Baker and the other Kentucky Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action. *See* K.R.S. § 337.385(1).

### JURY DEMAND

102. Baker demands a trial by jury on all Counts.

### RELIEF SOUGHT

WHEREFORE, Baker, individually and on behalf of the other Hourly Employees, seeks the following relief:

    a. An Order designating this lawsuit as a collective action and authorizing notice to the Hourly Employees allowing them to join this action by filing a written notice of consent;

b. An Order certifying a class action pursuant to Fed. R. Civ. P. 23;

c. An Order appointing Baker and his counsel to represent the interests of the Kentucky Class Members;

d. An Order finding Gridhawk liable to Baker and the other Hourly Employees for unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

e. An Order finding Gridhawk liable to Baker and the other Kentucky Class Members for all unpaid wages owed under the KWHA, plus liquidated damages in an amount equal to their unpaid wages;

f. Judgment awarding Baker and the other Hourly Employees all unpaid wages, liquidated damages, statutory damages, and any other penalties available under the FLSA and KWHA;

g. An Order awarding attorneys' fees, costs, and expenses;

h. An Order awarding pre- and post-judgement interest at the highest applicable rates; and

i. Such other and further relief as may be necessary and appropriate.

Date:   March 20, 2025

Respectfully submitted,

**WERMAN SALAS P.C.**

By: */s/ Douglas M. Werman*
Douglas M. Werman
dwerman@flsalaw.com
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Phone: (312) 419-1008
Fax: (312) 419-1025

Michael A. Josephson*
TX Bar No. 24014780
Andrew W. Dunlap*
TX Bar No. 24078444
**JOSEPHSON DUNLAP LLC**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

*Pro hac vice applications forthcoming*

**ATTORNEYS FOR BAKER AND THE HOURLY EMPLOYEES**