# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| CHARLES BAKER, Individually and for Others Similarly Situated, | ) ) ) | Case No. 2:25-cv-00130-PPS-JEM |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Philip P. Simon |
| | ) | Magistrate Judge John E. Martin |
| GRIDHAWK LLC, | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Defendant GRIDHAWK LLC ("GridHawk" or "Defendant"), by and through its attorneys, McGuireWoods LLP, for its Answer and Affirmative and Other Defenses to the Original Class and Collective Action Complaint ("Complaint") filed by Plaintiff Charles Baker ("Plaintiff" or "Baker"), states as follows:

## SUMMARY

1.      Charles Baker (Baker) brings this class and collective action to recover unpaid wages and other damages from Gridhawk LLC (Gridhawk).

**ANSWER:   GridHawk admits that Plaintiff purports to assert claims seeking recovery of alleged unpaid wages on a class action and collective action basis, but denies that he has viable claims against GridHawk and further denies that his claims are suitable for class or collective action certification. GridHawk denies any remaining allegations in Paragraph 1 of the Complaint.**

2.    Gridhawk employed Baker as one of its Hourly Employees (defined below) in Kentucky.

**ANSWER:    GridHawk admits it employed Plaintiff in an hourly, non-exempt role within the Commonwealth of Kentucky.  GridHawk denies any remaining allegations in Paragraph 2 of the Complaint.**

3.    Gridhawk pays Baker and the other Hourly Employees by the hour.

**ANSWER:    GridHawk admits it employed Plaintiff and other employees in hourly, non-exempt roles and paid them on an hourly basis.  GridHawk denies any remaining allegations in Paragraph 3 of the Complaint.**

4.    Baker and the other Hourly Employees regularly work more than 40 hours a workweek.

**ANSWER:    GridHawk admits that Plaintiff and other hourly, non-exempt employees at times work more than 40 hours in a workweek.  GridHawk denies all remaining allegations in Paragraph 4 of the Complaint.**

5.    But Gridhawk does not pay Baker and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 a workweek.

**ANSWER:    GridHawk denies the allegations in Paragraph 5 of the Complaint.**

6.    Instead, Gridhawk pays Baker and the other Hourly Employees non-discretionary bonuses that Gridhawk fails to include in these employees' regular rates of pay for the purpose of calculating their overtime rates (Gridhawk's "bonus pay scheme").

**ANSWER:    GridHawk denies the allegations in Paragraph 6 of the Complaint.**

7.      Gridhawk's bonus pay scheme violates the Fair Labor Standards Act (FLSA) and Kentucky Wage and Hour Act (KWHA) by failing to compensate Baker and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 each workweek.

**ANSWER:    GridHawk denies the allegations in Paragraph 7 of the Complaint.**

### JURISDICTION & VENUE

8.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

**ANSWER:    GridHawk admits that this Court has jurisdiction over Plaintiff's FLSA claims alleged in the Complaint.  GridHawk denies any remaining allegations in Paragraph 8 of the Complaint.**

9.      This Court also has supplemental jurisdiction of the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

**ANSWER:    Paragraph 9 of the Complaint contains a legal statement or conclusion and requires no response. To the extent a response is required, GridHawk denies the allegations in Paragraph 9 of the Complaint.**

10.     This Court has general personal jurisdiction over Gridhawk because it maintains its principal place of business in Indiana.

**ANSWER:    GridHawk admits the allegations in Paragraph 10 of the Complaint.**

11.     Venue is proper because Gridhawk maintains its principal place of business in Crown Point, Indiana, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

**ANSWER:    GridHawk admits that venue is proper before this Court.  GridHawk denies any remaining allegations in Paragraph 11 of the Complaint.**

**PARTIES**

12.    Gridhawk employed Baker as a lead damage technician from approximately November 2022 until December 2024.

**ANSWER:    GridHawk admits it employed Plaintiff from approximately November 2022 until April 2025 as a utility locate technician.    GridHawk denies the remaining allegations in Paragraph 12 of the Complaint.**

13.    Throughout his employment, Gridhawk paid Baker under its bonus pay scheme.

**ANSWER:    GridHawk admits it paid Plaintiff certain bonuses during his employment. GridHawk denies the remaining allegations in Paragraph 13 of the Complaint.**

14.    Baker's written consent is attached as **Exhibit 1**.

**ANSWER:    Paragraph 14 of the Complaint contains a statement to which no response is required.  To the extent a response is required, GridHawk admits that Plaintiff attached a document labeled as a "written consent" as Exhibit 1 to the Complaint.**

15.    Baker brings this class and collective action on behalf of himself, and other Gridhawk employees paid under its bonus pay scheme.

**ANSWER:    GridHawk admits that Plaintiff purports to assert his claims on a class action and collective action basis, but denies that he has viable claims against GridHawk and further denies that his claims are suitable for class or collective action certification. GridHawk denies the remaining allegations in Paragraph 15 of the Complaint.**

16.    The putative FLSA collective of similarly situated employees is defined as:

> **All hourly Gridhawk employees who were paid a bonus which was not included in the regular rate of pay for overtime purposes during the last three years through final resolution of**

this action (the "FLSA Collective Members").

**ANSWER:** **GridHawk admits that Plaintiff purports to bring his claims on a collective action basis and seeks to represent other GridHawk employees who were classified as hourly and received a bonus during their employment, but denies that certification of the above-described collective would be appropriate in this action. GridHawk denies all remaining allegations in Paragraph 16 of the Complaint.**

17. The putative Kentucky class of similarly situated employees is defined as:

> **All hourly Gridhawk employees who worked in Kentucky and who were paid a bonus which was not included in the regular rate of pay for overtime purposes during the last 3 years through final resolution of this action (the "Kentucky Class Members").**

**ANSWER:** **GridHawk admits that Plaintiff purports to bring his claims on a class action basis and seeks to represent other GridHawk employees in Kentucky who were classified as hourly and received a bonus during their employment, but denies that certification of the above-described class would be appropriate in this action. GridHawk denies all remaining allegations in Paragraph 17 of the Complaint.**

18. The FLSA Collective Members and the Kentucky Class Members are collectively referred to as the "Hourly Employees."

**ANSWER:** **Paragraph 18 of the Complaint contains a statement to which no response is required. To the extent a response is required, GridHawk denies the allegations in Paragraph 18 of the Complaint.**

19. Gridhawk is a Texas limited liability company headquartered in Crown Point, Indiana.

**ANSWER:** **GridHawk admits the allegations contained in Paragraph 19.**

20.     Gridhawk may be served with process through its registered agent**:** Registered Agent Solutions, Inc., 6018 N. Keystone Ave., Indianapolis, Indiana 4622

**ANSWER:   GridHawk admits the allegations contained in Paragraph 20.**

### FLSA COVERAGE

21.     At all relevant times, Gridhawk was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:   The phrase "at all relevant times" is undefined and the allegations modified by it are therefore denied. GridHawk admits it is an "employer" under the FLSA.**

22.     At all relevant times, Gridhawk was an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

**ANSWER:   The phrase "at all relevant times" is undefined and the allegations modified by it are therefore denied. GridHawk admits it is an "enterprise" under the FLSA.**

23.     At all relevant times, Gridhawk was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, and personal protective equipment—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

**ANSWER:   Paragraph 23 of the Complaint contains legal statements or conclusions and requires no response. To the extent a response is required, the phrase "at all relevant times" is undefined and the allegations modified by it are therefore denied. GridHawk admits it is an "enterprise" under the FLSA and denies any remaining**

6

allegations in Paragraph 23 of the Complaint.

24.    At all relevant times, Gridhawk had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

**ANSWER:    The phrase "at all relevant times" is undefined and the allegations modified by it are therefore denied.  GridHawk admits its annual gross revenue exceeded $1 million during the three years preceding the filing of the Complaint.**

25.    At all relevant times, Baker and the other Hourly Employees were Gridhawk's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

**ANSWER:    The phrase "at all relevant times" is undefined and the allegations modified by it are therefore denied.  GridHawk admits it employed Plaintiff and other employees on an hourly basis.**

26.    At all relevant times, Baker and the other Hourly Employees were engaged in commerce or in the production of goods for commerce.

**ANSWER:    Paragraph 26 of the Complaint contains legal statements or conclusions and requires no response. To the extent a response is required, the phrase "at all relevant times" is undefined and the allegations modified by it are therefore denied. GridHawk admits that Plaintiff and other hourly employees engaged in "commerce" within the meaning of the FLSA and denies the remaining allegations in Paragraph 26 of the Complaint.**

## FACTS

27.    Gridhawk's "mission is to keep communities safe by preventing damage to underground infrastructure" and it touts that "[w]hatever type of underground asset you are trying to protect, [it] is your best bet for swift, accurate, and complete handling of your utility locating

7

and damage prevention needs."

**ANSWER:** **GridHawk admits it is a utility locating company and admits that the quoted language can be found on GridHawk's website. GridHawk denies any remaining allegations in Paragraph 27 of the Complaint.**

28. To meet its business objectives, Gridhawk employs workers, including Baker and the other Hourly Employees.

**ANSWER:** **GridHawk admits it employed Plaintiff and employs other hourly employees. GridHawk denies any remaining allegations in Paragraph 28 of the Complaint.**

29. For example, Gridhawk employed Baker as a lead damage technician in and around Louisville, Kentucky from approximately November 2022 to December 2024.

**ANSWER:** **GridHawk admits it employed Plaintiff from approximately November 2022 until April 2025 as a utility locate technician in Kentucky. GridHawk denies the remaining allegations in Paragraph 29 of the Complaint.**

30. As a lead damage technician, Baker's primary job duties included locating and marking underground utilities, including water lines, gas lines, and fiber optic cables, as well as providing training to other employees to properly locate and mark underground utilities.

**ANSWER:** **GridHawk denies the allegations in Paragraph 30 of the Complaint, except to admit that Plaintiff's job duties as a utility locate technician included locating and marking underground utilities, including electric and gas lines.**

31. Throughout his employment, Baker regularly worked more than 40 hours a workweek.

**ANSWER:** **GridHawk admits that Plaintiff at times worked more than 40 hours in a workweek. GridHawk denies the remaining allegations in Paragraph 31 of the**

8

**Complaint.**

32. Indeed, Baker typically worked approximately 10 to 12 hours a day for 5 to 6 days a week (50 to 72 hours a workweek).

**ANSWER:** **GridHawk admits that Plaintiff at times worked more than 50 hours in a workweek. GridHawk denies the remaining allegations in Paragraph 32 of the Complaint.**

33. And Gridhawk paid Baker approximately $25.75 an hour.

**ANSWER:** **GridHawk admits it paid Plaintiff approximately $25.75 per hour during part of his employment with GridHawk. GridHawk denies any remaining allegations in Paragraph 33 of the Complaint.**

34. Likewise, the other Hourly Employees typically worked approximately 10 to 12 hours a day for 5 to 6 days a week (50 to 72 hours a workweek).

**ANSWER:** **GridHawk denies the allegations in Paragraph 34 of the Complaint.**

35. And Baker and the other Hourly Employees are required to report their "on the clock" hours worked via Gridhawk's timekeeping system.

**ANSWER:** **GridHawk admits that Plaintiff and other hourly employees were required to track their time worked using GridHawk's timekeeping system. GridHawk denies any remaining allegations in Paragraph 35 of the Complaint.**

36. At the end of each pay period, Baker and the other Hourly Employees receive wages from Gridhawk that are determined by common systems and methods that Gridhawk selects and controls.

**ANSWER:** **GridHawk admits it paid Plaintiff and other hourly employees at the end of each pay period pursuant to its payroll policies and practices.  GridHawk denies the**

9

remaining allegations in Paragraph 36 of the Complaint.

37.    But Gridhawk does not pay Baker and the other Hourly Employees at the required overtime rate for all hours worked, in excess of 40 a workweek.

**ANSWER:    GridHawk denies the allegations in Paragraph 37 of the Complaint.**

38.    Instead, Gridhawk pays Baker and the other Hourly Employees under its bonus pay scheme.

**ANSWER:    GridHawk admits it paid Plaintiff and other hourly employees certain bonuses during their employment. GridHawk denies the remaining allegations in Paragraph 38 of the Complaint.**

39.    Specifically, Gridhawk pays Baker and the other Hourly Employees non-discretionary bonuses pursuant to preceding agreements, including referral and retention bonuses, that it fails to include in these employees' regular rates of pay for the purpose of calculating their overtime rates of pay.

**ANSWER:    GridHawk admits it paid Plaintiff and other hourly employees certain bonuses during their employment. GridHawk denies the remaining allegations in Paragraph 39 of the Complaint.**

40.    For example, during the pay period ending December 16, 2023, Gridhawk paid Baker a Referral Bonus of $700 and a Retention bonus of $400, which it did not include in Baker's regular rate of pay for overtime purposes:

**ANSWER:    GridHawk admits it paid Plaintiff certain bonuses during his employment. GridHawk denies the remaining allegations in Paragraph 40 of the Complaint.**

41.    Thus, under its bonus pay scheme, Gridhawk does not pay Baker and the other

Hourly Employees overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 a workweek.

**ANSWER:** **GridHawk denies the allegations in Paragraph 41 of the Complaint.**

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

42.     Baker brings his claims as a class action under Kentucky law pursuant to FED. R. CIV. P. 23 and a collective action under Section 216(b) of the FLSA on behalf of himself and the other Hourly Employees.

**ANSWER:** **GridHawk admits that Plaintiff purports to assert his claims on a class action and collective action basis, but denies that he has viable claims against GridHawk and further denies that his claims are suitable for class or collective action certification. GridHawk denies any remaining allegations in Paragraph 42 of the Complaint.**

43.     Like Baker, the other Hourly Employees are victimized by Gridhawk's bonus pay scheme.

**ANSWER:** **GridHawk denies the allegations in Paragraph 43 of the Complaint.**

44.     Other Hourly Employees worked with Baker and indicated they were paid in the same manner under Gridhawk's bonus pay scheme.

**ANSWER:** **GridHawk denies the allegations in Paragraph 44 of the Complaint.**

45.     Based on his experience with Gridhawk, Baker is aware Gridhawk's bonus pay scheme was imposed on other Hourly Employees.

**ANSWER:** **GridHawk denies the allegations in Paragraph 45 of the Complaint.**

46.     The Hourly Employees are similarly situated in the most relevant respects.

**ANSWER:** **GridHawk denies the allegations in Paragraph 46 of the Complaint.**

47.    Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked.

**ANSWER:    Paragraph 47 of the Complaint contains a legal statement or conclusion and requires no response. To the extent a response is required, GridHawk denies the allegations in Paragraph 47 of the Complaint.**

48.    Therefore, the specific job titles or locations of the Hourly Employees do not prevent class or collective treatment.

**ANSWER:    Paragraph 48 of the Complaint contains a legal statement or conclusion and requires no response. To the extent a response is required, GridHawk denies the allegations in Paragraph 48 of the Complaint.**

49.    Rather, Gridhawk's bonus pay scheme renders Baker, and the other Hourly Employees similarly situated for the purpose of determining their right to overtime wages at the required rate for all overtime hours worked.

**ANSWER:    GridHawk denies the allegations in Paragraph 49 of the Complaint.**

50.    Gridhawk's records reflect the number of hours the Hourly Employees recorded working "on the clock" each week.

**ANSWER:    GridHawk admits it maintains timekeeping records of its hourly employees in the normal course of business and that hourly employees are required and instructed to record all their time worked. GridHawk denies any remaining allegations in Paragraph 50 of the Complaint.**

51.    Gridhawk's records also show it paid the Hourly Employees non-discretionary bonuses it failed to include in their regular rates of pay for the purpose of calculating their

overtime rates of pay.

> **ANSWER:    GridHawk denies the allegations in Paragraph 51 of the Complaint.**

52.    The back wages owed to Baker and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

> **ANSWER:    GridHawk denies the allegations in Paragraph 52 of the Complaint.**

53.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Gridhawk's records, and there is no detraction from the common nucleus of liability facts.

> **ANSWER:    GridHawk denies the allegations in Paragraph 53 of the Complaint.**

54.    Therefore, the issue of damages does not preclude class or collective treatment.

> **ANSWER:    Paragraph 54 of the Complaint contains a legal statement or conclusion and requires no response. To the extent a response is required, GridHawk denies the allegations in Paragraph 54 of the Complaint.**

55.    Baker's experiences are therefore typical of the experiences of the other Hourly Employees.

> **ANSWER:    GridHawk denies the allegations in Paragraph 55 of the Complaint.**

56.    Baker has no interests contrary to, or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

> **ANSWER:    GridHawk denies the allegations in Paragraph 56 of the Complaint.**

57.    Like each Hourly Employee, Baker has an interest in obtaining the unpaid wages owed under Kentucky and federal law.

> **ANSWER:    GridHawk denies the allegations in Paragraph 57 of the Complaint.**

58.    Baker and his counsel will fairly and adequately protect the interests of the

Hourly Employees.

**ANSWER: Paragraph 58 of the Complaint contains a legal statement or conclusion and requires no response. To the extent a response is required, GridHawk denies the allegations in Paragraph 58 of the Complaint.**

59.    Baker retained counsel with significant experience in handling complex class and collective action litigation.

**ANSWER: Paragraph 59 of the Complaint contains a legal statement or conclusion and requires no response. To the extent a response is required, GridHawk denies the allegations in Paragraph 59 of the Complaint.**

60.    Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and Gridhawk will reap the unjust benefits of violating the FLSA and KWHA.

**ANSWER:    GridHawk denies the allegations in Paragraph 60 of the Complaint.**

61.    Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system

**ANSWER:    GridHawk denies the allegations in Paragraph 61 of the Complaint.**

62.    Indeed, the multiplicity of actions would create a hardship to the Hourly Employees, the Court, and Gridhawk.

**ANSWER:    GridHawk denies the allegations in Paragraph 62 of the Complaint.**

63.    Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

**ANSWER:    GridHawk denies the allegations in Paragraph 63 of the Complaint.**

64.    The questions of law and fact that are common to each Hourly Employee

predominate over any questions affecting solely the individual members.

> **ANSWER:** **GridHawk denies the allegations in Paragraph 64 of the Complaint.**

65. Among the common questions of law and fact are:

> a. Whether Gridhawk paid the Hourly Employees non-discretionary bonuses;
> b. Whether Gridhawk failed to include non-discretionary bonuses in calculating the Hourly Employees' regular rates of pay;
> c. Whether Gridhawk failed to pay the Hourly Employees overtime wages at the required premium rate—based on all remuneration—for all overtime hours worked;
> d. Whether Gridhawk's decision not to pay the Hourly Employees overtime wages at the required rate—based on all remuneration—for all overtime hours worked was made in good faith; and
> e. Whether Gridhawk's violations were willful?

> **ANSWER:** **GridHawk denies the allegations in Paragraph 65 of the Complaint.**

66. As part of its regular business practices, Gridhawk intentionally, willfully, and repeatedly violated the FLSA and KWHA with respect to Baker and the other Hourly Employees.

> **ANSWER:** **GridHawk denies the allegations in Paragraph 66 of the Complaint.**

67. Gridhawk's bonus pay scheme deprived Baker and the other Hourly Employees of overtime wages at the required premium rate—based on all remuneration—they are owed under federal and Kentucky law.

> **ANSWER:** **GridHawk denies the allegations in Paragraph 67 of the Complaint.**

68. There are many similarly situated Hourly Employees who have been denied overtime pay at the required rate—based on all remuneration—in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

> **ANSWER:** **GridHawk denies the allegations in Paragraph 68 of the Complaint.**

69. The Hourly Employees are known to Gridhawk, are readily identifiable, and can

be located through Gridhawk's business and personnel records.

**ANSWER:   GridHawk denies the allegations in Paragraph 69 of the Complaint.**

### GRIDHAWK'S VIOLATIONS WERE WILLFUL

70.     Gridhawk knew it employed Baker and the other Hourly Employees.

**ANSWER:   GridHawk admits it employed Plaintiff and other hourly employees. GridHawk denies any remaining allegations in Paragraph 70 of the Complaint.**

71.     Gridhawk knew it was subject to the KWHA's and FLSA's overtime provisions.

**ANSWER:   GridHawk admits it is aware that it is an "employer" within the meaning of the KWHA and FLSA. GridHawk denies any remaining allegations in Paragraph 71 of the Complaint.**

72.     Gridhawk knew the KWHA and FLSA required it to pay non-exempt employees, including Baker and the other Hourly Employees, overtime wages at rates of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked after 40 a workweek.

**ANSWER:   Paragraph 72 of the Complaint contains a legal statement or conclusion and requires no response. To the extent a response is required, GridHawk admits it is aware that applicable law generally requires hourly, non-exempt employees to be paid at the overtime rate for hours worked over 40 in a workweek.  GridHawk denies any remaining allegations in Paragraph 72 of the Complaint.**

73.     Gridhawk knew Baker and each Hourly Employee worked more than 40 hours in at least one workweek during the last 3 years because these employees were required to report their "on the clock" hours worked to Gridhawk via its timekeeping system.

**ANSWER:   GridHawk admits that Plaintiff and other hourly employees were**

**required to track their time worked using its timekeeping system and that Plaintiff worked more than 40 hours in at least one workweek during the three-year period preceding the filing of the Complaint. GridHawk denies the remaining allegations in Paragraph 73 of the Complaint.**

74.    Gridhawk knew Baker and the other Hourly Employees were non-exempt employees entitled to overtime pay.

**ANSWER:    GridHawk admits it classified Plaintiff and other employees as hourly, non-exempt under the FLSA. GridHawk denies any remaining allegations in Paragraph 74 of the Complaint.**

75.    Gridhawk knew it paid Baker and the other Hourly Employees non-discretionary bonuses.

**ANSWER:    GridHawk admits it paid Plaintiff and other hourly employees certain bonuses during their employment. GridHawk denies the remaining allegations in Paragraph 75 of the Complaint.**

76.    Gridhawk knew these non-discretionary bonuses were not included in Baker's and the other Hourly Employees' regular rates of pay for overtime purposes.

**ANSWER:    GridHawk denies the allegations in Paragraph 76 of the Complaint.**

77.    And Gridhawk knew the KWHA and FLSA required it to pay Baker and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 a workweek.

**ANSWER:    Paragraph 77 of the Complaint contains a legal statement or conclusion and requires no response. To the extent a response is required, GridHawk admits it is aware that applicable law generally requires hourly, non-exempt employees to**

17

be paid at the overtime rate for hours worked over 40 in a workweek. GridHawk denies any remaining allegations in Paragraph 77 of the Complaint.

78. Gridhawk's failure to pay Baker and the other Hourly Employees overtime at the required rate—based on all remuneration—for all overtime hours worked was neither reasonable, nor was this decision made in good faith.

**ANSWER:    GridHawk denies the allegations in Paragraph 78 of the Complaint.**

79. Gridhawk knew its conduct violated the FLSA and KWHA.

**ANSWER:    GridHawk denies the allegations in Paragraph 79 of the Complaint.**

80. Gridhawk knowingly, willfully, and/or in reckless disregard of the FLSA carried out its unlawful bonus pay scheme that deprived Baker and the other Hourly Employees of overtime wages at the required rate of pay—based on all remuneration—for all hours worked after 40 a workweek, in violation of the FLSA and KWHA.

**ANSWER:    GridHawk denies the allegations in Paragraph 80 of the Complaint.**

## COUNT I

### FAILURE TO PAY OVERTIME UNDER THE FLSA (FLSA COLLECTIVE)

81. Baker brings his FLSA claim as a collective action on behalf of himself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

**ANSWER:    GridHawk admits that Plaintiff purports to assert FLSA claims on a collective action basis, but denies that he has viable claims against GridHawk and further denies that his claims are suitable for collective action certification. GridHawk denies any remaining allegations in Paragraph 81 of the Complaint.**

82. Gridhawk violated, and is violating, the FLSA by employing non-exempt employees such as Baker and the other FLSA Collective Members in a covered enterprise for

18

workweeks longer than 40 hours without paying them overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for the hours they worked in excess of 40 a workweek.

**ANSWER:    GridHawk denies the allegations in Paragraph 82 of the Complaint.**

83.    Gridhawk's unlawful conduct harmed Baker and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

**ANSWER:    GridHawk denies the allegations in Paragraph 83 of the Complaint.**

84.    Accordingly, Gridhawk owes Baker and the other Hourly Employees the difference between the wages actually paid and the overtime wages actually earned.

**ANSWER:    GridHawk denies the allegations in Paragraph 84 of the Complaint.**

85.    Because Gridhawk knew or showed reckless disregard for whether this bonus pay scheme violated the FLSA, Gridhawk owes Baker and the other FLSA Collective Members these wages for at least the past 3 years.

**ANSWER:    GridHawk denies the allegations in Paragraph 85 of the Complaint.**

86.    Gridhawk is also liable to Baker and the other FLSA Collective Members for an amount equal to all their unpaid overtime wages as liquidated damages.

**ANSWER:    GridHawk denies the allegations in Paragraph 86 of the Complaint.**

87.    Finally, Baker and the other FLSA Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**ANSWER:    GridHawk denies the allegations in Paragraph 87 of the Complaint.**

## COUNT II

### FAILURE TO PAY OVERTIME WAGES UNDER THE KWHA (KENTUCKY CLASS)

88.    Baker brings his KWHA claim on behalf of himself and the other Kentucky

19

Hourly Workers pursuant to Fed. R. Civ. P. 23.

**ANSWER:    GridHawk admits that Plaintiff purports to assert his KWHA claims on a class action basis, but denies that he has viable claims against GridHawk and further denies that his claims are suitable for class action certification. GridHawk denies any remaining allegations in Paragraph 88 of the Complaint.**

89.    Gridhawk's conduct violates the KWHA. K.R.S. § 337.010, *et seq*.

**ANSWER:    GridHawk denies the allegations in Paragraph 89 of the Complaint.**

90.    At all relevant times, Gridhawk was subject to the KWHA because Gridhawk was (and is) an "employer" within the meaning of the KWHA. K.R.S. § 337.010(1)(d).

**ANSWER:    The phrase "at all relevant times" is undefined and the allegations modified by it are therefore denied. GridHawk admits it is an "employer" under the KWHA.**

91.    At all relevant times, Gridhawk employed Baker and the other Kentucky Class Members as its covered "employees" within the meaning of the KWHA. K.R.S. § 337.010(1)(e).

**ANSWER:    The phrase "at all relevant times" is undefined and the allegations modified by it are therefore denied. GridHawk admits it employed Plaintiff and other employees within the three-year period preceding the filing of the Complaint.**

92.    The KWHA requires employers, like Gridhawk, to pay non-exempt employees, like Baker and the other Kentucky Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for all hours worked over 40 in a workweek. K.R.S. § 337.385.

**ANSWER:    Paragraph 92 of the Complaint contains a legal statement or**

**conclusion and requires no response. To the extent a response is required, GridHawk admits that the KWHA generally requires hourly, non-exempt employees to be paid at the overtime rate for hours worked over 40 in a workweek. GridHawk denies any remaining allegations in Paragraph 92 of the Complaint.**

93.     Baker and the other Kentucky Class Members are entitled to overtime wages under the KWHA.

**ANSWER:    GridHawk denies the allegations in Paragraph 93 of the Complaint.**

94.     And the KWHA requires employers, like Gridhawk, to provide employees, like Baker and the other Kentucky Class Members, with meal and rest periods. K.R.S. §§ 337.355 and 337.365.

**ANSWER:    Paragraph 94 of the Complaint contains a legal statement or conclusion and requires no response. To the extent a response is required, GridHawk admits that the KWHA requires meal and rest periods for hourly, non-exempt employees under certain circumstances.  GridHawk denies the remaining allegations in Paragraph 94 of the Complaint.**

95.     But Gridhawk did not provide or make available meal or rest periods to Baker and the other Kentucky Class Members.

**ANSWER:    GridHawk denies the allegations in Paragraph 95 of the Complaint.**

96.     Gridhawk violated, and is violating, the KWHA by employing non-exempt employees, Baker and the other Kentucky Class Members, for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration—for all hours worked after 40 in a workweek. *See* K.R.S. § 337.385.

**ANSWER:** **GridHawk denies the allegations in Paragraph 96 of the Complaint.**

97.    Gridhawk's unlawful conduct harmed Baker and the other Kentucky Class Members by depriving them of the overtime wages they are owed.

**ANSWER:** **GridHawk denies the allegations in Paragraph 97 of the Complaint.**

98.    In violating the KWHA, Gridhawk acted without a good faith basis and without reasonable grounds for believing its acts and omissions were not violative of clearly applicable Kentucky law.

**ANSWER:** **GridHawk denies the allegations in Paragraph 98 of the Complaint.**

99.    Accordingly, Gridhawk owes Baker and the other Kentucky Class Members the difference between the overtime wages actually paid and the required overtime wages actually earned for at least the last three years. *See* K.R.S. § 337.385(1).

**ANSWER:** **GridHawk denies the allegations in Paragraph 99 of the Complaint.**

100.    Gridhawk is also liable to Baker and the other Kentucky Class Members for an additional amount equal to all unpaid wages as liquidated damages. *See* K.R.S. § 337.385(1).

**ANSWER:** **GridHawk denies the allegations in Paragraph 100 of the Complaint.**

101.    Finally, Baker and the other Kentucky Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action. *See* K.R.S. § 337.385(1).

**ANSWER:** **GridHawk denies the allegations in Paragraph 101 of the Complaint.**

## JURY DEMAND

102.    Baker demands a trial by jury on all Counts.

**ANSWER:** **GridHawk admits that Plaintiff demands a jury trial.  Answering further, GridHawk expressly denies that it engaged in any unlawful conduct or that it has**

**any liability to Plaintiff.**

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

The Complaint fails to state a plausible claim upon which relief can be granted.

### Second Defense

There exists no class or collective of individuals similarly situated to Plaintiff for whom Plaintiff can properly serve as a representative Plaintiff under 29 U.S.C. § 216. Moreover, Plaintiff cannot adequately represent any members of a putative class under FED. R. CIV. P. 23.

### Third Defense

GridHawk's actions were not unlawful nor willful violations of the FLSA and/or KWHA. Neither GridHawk nor any of its officers, directors, managers, or agents committed any willful violation of the FLSA and/or KWHA, nor did they ratify such violation, nor did any of them by act or omission know or intend they were violating the same, nor did any of them by act or omission show reckless indifference to or reckless disregard for the requirements of the same, and at all times GridHawk and all its officers, directors, managers, and agents honestly intended to ascertain and to comply with all requirements of the FLSA and KWHA. Therefore, the applicable statute of limitations for Plaintiff's FLSA claims is two years.

### Fourth Defense

To the extent that Plaintiff, and/or those whom he purports to represent, assert claims under the FLSA for compensation outside the applicable statute of limitations, which GridHawk asserts is two years, said claims are barred.

### Fifth Defense

To the extent that Plaintiff, and/or those whom he purports to represent, assert claims

23

under the KWHA for compensation outside the applicable statute of limitations, which GridHawk asserts is three years, said claims are barred.

### Sixth Defense

Plaintiff's claims, as well as the claims of other employees whom Plaintiff seeks to represent, are barred in whole or in part because all actions and/or omissions complained of were in good faith, based on reasonable grounds for believing that such actions and/or omissions were not in violation of the FLSA or the KWHA, and in conformity with and in reliance on the written administrative regulations, orders, rulings, approvals, and/or interpretations of the Kentucky Labor Cabinet and/or the Administrator of the Wage and Hour Division of the United States Department of Labor. Accordingly, Plaintiff and/or those whom he purports to represent may not recover liquidated damages under the FLSA and/or KWHA.

### Seventh Defense

Plaintiff's claims for liquidated damages, which GridHawk denies Plaintiff is entitled to, are subject to the applicable limitations on such damages as set forth in 29 U.S.C. § 216.

### Eighth Defense

Plaintiff and others whom he seeks to represent cannot state any claim for overtime pay under the FLSA or KWHA during any workweek that they each worked fewer than 40 compensable hours.

### Ninth Defense

The simultaneous recovery of liquidated damages and prejudgment interest is not available under the FLSA or the KWHA because such relief would amount to an impermissible "double recovery."

24

### Tenth Defense

Some of the relief sought by Plaintiff (including but not limited to "statutory damages") is not available under some or all of the causes of action alleged in the Complaint.

### Eleventh Defense

Any recovery on the Complaint with respect to the allegations for failure to pay overtime or other compensation are barred because Plaintiff and others whom he seeks to represent were paid all compensation and benefits to which they were entitled and to which they voluntarily agreed and expected.

### Twelfth Defense

The Complaint, and each and every purported claim alleged therein, are barred in whole or in part by the doctrines of waiver, ratification, acquiescence, consent and/or agreement based on Plaintiff's and other employees' acceptance of wages paid to them throughout their employment without protest and of final wages paid to them without protest upon the separation of their employment and their failure to demand payment.

### Thirteenth Defense

Certification of a class action would be an unconstitutional denial of GridHawk's right to due process under the Fourteenth Amendment to the United States Constitution and the Indiana Constitution.

### Fourteenth Defense

An award of penalties against GridHawk under the circumstances of this case would constitute an excessive fine, and would be in violation of GridHawk's due process and equal protection rights under the United States and Indiana Constitutions.

**Fifteenth Defense**

Plaintiff, and others whom he seeks to represent as a putative class, do not meet the requirements of a class action under Fed. R. Civ. P. 23 because Plaintiff cannot establish the prerequisites of numerosity, commonality, typicality, adequacy of representation, ascertainability and predominance pursuant to Fed. R. Civ. P. 23.

**Sixteenth Defense**

GridHawk reserves the right to assert such further and additional defenses as may by supported by facts subsequently discovered.

Date: June 18, 2025

Respectfully submitted,

McGUIREWOODS LLP

By:    /s/ *Chen G. Ni*
Joel S. Allen
2601 Olive St., Suite 2100
Dallas, TX 75201
(214) 932-6400
(214) 646-1405 (fax)
jallen@mcguirewoods.com

Chen G. Ni
77 W. Wacker Dr., Suite 4100
Chicago, IL 60601
(312) 849-8100
(312) 849-3690 (fax)
cni@mcguirewoods.com

*Attorneys for Defendant GridHawk LLC*

26

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2025, I electronically filed the foregoing

*DEFENDANT'S ANSWER TO ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT*

using the CM/ECF system, which will send a notice of electronic filing to the following counsel

of record in this case:

Douglas M Werman
Werman Salas PC
77 W Washington St Ste 1402
Chicago, IL 60602
Email: dwerman@flsalaw.com

*Attorneys for Plaintiff*

*/s/ Chen G. Ni*